Argued and submitted December 2, 2021; portion of judgment imposing probation condition requiring blood or buccal sample on Count 2 reversed, remanded for resentencing, otherwise affirmed February 16; petition for review denied June 23, 2022 (369 Or 856)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# AMBER MARIE SWENSON,
*Defendant-Appellant.*

## Coos County Circuit Court
19CR34780; A173471

506 P3d 489

Defendant drove while her license was suspended for refusing to take a urine test. For that conduct, she was found guilty of one count of "driving while suspended or revoked" (DWSR), in violation of ORS 811.175 and ORS 811.182(1) (Count 2), and the trial court entered a judgment of conviction for a Class A misdemeanor. The court sentenced defendant to probation with conditions including the requirements to submit to polygraph examinations and to submit a blood or buccal sample. On appeal, defendant contends that (1) the trial court should have acquitted her on the charge of DWSR because, in her view, license suspension based on a failure to submit to a urine test does not have the same consequences as those based on a failure to submit to a breath or blood test; and (2) the trial court plainly erred in imposing the polygraph condition on both counts and erred in imposing the blood-or-buccal-sample condition on Count 2. *Held*: Based on the plain text of ORS 813.100, ORS 811.182, and ORS 813.132, the Court of Appeals rejected defendant's argument that driving with a suspended license after refusing to take a urine test incurs different consequences from refusal to take a breath or blood test. Defendant's challenge to the polygraph condition was unpreserved and defendant did not demonstrate plain error. The court accepted the state's concession that the trial court erred in imposing the blood-or-buccal-sample probation condition on Count 2 and reversed that portion of the judgment.

Portion of judgment imposing probation condition requiring blood or buccal sample on Count 2 reversed; remanded for resentencing; otherwise affirmed.

Martin E. Stone, Judge.

Anna Belais, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.*

LAGESEN, C. J.

Portion of judgment imposing probation condition requiring blood or buccal sample on Count 2 reversed; remanded for resentencing; otherwise affirmed.

_____

* Lagesen, C. J., *vice* DeHoog, J. pro tempore.

**LAGESEN, C. J.**

Defendant drove while her license was suspended for refusing to take a urine test. For that conduct, she was found guilty of one count of "driving while suspended or revoked" (DWSR), in violation of ORS 811.175 and ORS 811.182(1) (Count 2), and the trial court entered a judgment of conviction for a Class A misdemeanor. Defendant was also convicted of one count of possession of methamphetamine (Count 1), a felony, but that conviction is not at issue on appeal. The court sentenced defendant to probation. Among other conditions of probation, on both counts, the court imposed a condition requiring defendant to submit to polygraph examinations at the direction of her supervising officer, and another condition requiring her to submit a blood or buccal sample.

On appeal, defendant contends that (1) the trial court should have acquitted her on the charge of DWSR because, in her view, the fact that her license suspension was predicated on her failure to submit to a urine test—as distinct from a breath or blood test—means she could not be convicted of misdemeanor DWSR; and (2) the trial court plainly erred in imposing the polygraph condition on both counts and erred in imposing the blood-or-buccal-sample condition on Count 2. We affirm the conviction and reject defendant's challenge to the polygraph condition because it is unpreserved and any error is not plain. We accept the state's concession that the trial court erred in imposing the blood-or-buccal-sample probation condition on Count 2, reverse the portion of the judgment imposing that probation condition, and remand for resentencing.

*Judgment of acquittal*. Defendant was convicted of misdemeanor DWSR. She does not dispute that her license was suspended for her refusal to submit to a urine test, or that she drove while her license was suspended. Rather, her argument is that, under the terms of ORS 811.182, a license suspension for refusing a urine test is not a basis for treating DWSR as a misdemeanor, instead of the violation that it would be otherwise. Defendant points out that ORS 811.182(4) only refers to suspensions for refusals to submit to breath and blood tests as being a basis for misdemeanor

treatment and does not refer to suspensions for refusals to submit to urine tests. The state responds that the plain terms of ORS 813.132 provide that the refusal to submit to a urine test is to be treated the same as the refusal to submit to a breath test, making misdemeanor treatment appropriate. We agree with the state.

ORS 811.182(4) provides, in relevant part, that DWSR "is a Class A misdemeanor if the suspension or revocation is *** [a] suspension under ORS 813.410 resulting from refusal to take a test prescribed in ORS 813.100[.]" ORS 811.182(4)(b). The tests identified in ORS 813.100, in turn, include "a chemical test of the person's breath" and "the person's blood." ORS 813.100. Accordingly, there is no dispute that a suspension for failure to submit to a blood test or a breath test means that DWSR is a misdemeanor. The question is whether a suspension for failure to submit to a urine test also results in misdemeanor treatment.

That presents a question of statutory construction, making our review "for legal error, employing the methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)." *Central Oregon LandWatch v. Deschutes County*, 285 Or App 267, 276-77, 396 P3d 968 (2017). Under that framework, "the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent." *PGE*, 317 Or at 610.

In this instance, defendant is correct that the plain text of ORS 811.182(4) makes suspensions for refusals to submit to the tests identified in ORS 813.100 as grounds for misdemeanor treatment and, further, that ORS 813.100 identifies breath and blood tests but does not identify urine tests. That, however, is not the end of the story. The legislature also has enacted a standalone statute to address urine tests, ORS 813.132. That statute provides both that (1) except as otherwise provided in ORS 813.132 itself, a refusal to submit to a urine test "shall be treated *for all purposes* as a refusal to submit to a breath test[,]" and (2) the refusal to submit to a urine test will result in "the person's driving privileges [being] suspended for the same

time period *and with the same consequences* as if the person had refused to submit to the breath test[.]" ORS 813.132(1), (2) (emphasis added). ORS 813.132 contains no provisions otherwise providing that a refusal to submit to a urine test, and ensuing license suspension, will not be treated the same as the refusal to submit to a breath test, or a license suspension flowing from such a refusal, for purposes of determining whether a DWSR will be treated as a misdemeanor.

In our view, the emphasized text of ORS 813.132 makes the legislature's intentions unmistakably clear. Unless otherwise specified, a refusal to submit to a urine test, and a license suspension for refusing to submit to a urine test, have the same consequences as a refusal to submit to a breath test and license suspension for refusing to submit to a breath test. That necessarily means that where, as here, a person who drives with a license that was suspended for refusing to submit to a urine test commits misdemeanor DWSR, the same offense they would commit if they drove with a license that was suspended for refusing to submit to a breath test. To conclude otherwise would conflict with the legislature's clearly expressed intention that refusals to submit to urine tests be treated for "all purposes" as refusals to submit to breath tests, and that the consequences of suspension for refusing to submit to a urine test be the same as the consequences of a suspension for refusing to submit to a breath test. For those reasons, we reject defendant's contention that she was entitled to an acquittal on the charge of misdemeanor DWSR.

*Probation conditions.* As noted, defendant challenges the condition requiring her to submit a blood and buccal sample insofar as the court imposed it as a condition of probation on Count 2. She points out that, under ORS 137.076, such a condition is permissible only in the case of a felony or other specified offense and asserts that her conviction on Count 2 is not a qualifying offense. She contends further that any blood or buccal samples collected should be destroyed. The state concedes that the imposition of the condition on Count 2 is erroneous and should be corrected as we did in *State v. Kerbrat*, 270 Or App 143, 144, 346 P3d 666

(2015). We agree, accept the state's concession, and reverse the portion of the judgment imposing that condition on Count 2 and remand for resentencing. Although defendant asks that we order the destruction of any blood or buccal samples already taken, we decline to order that remedy. As the state points out, the same condition of probation was imposed with respect to Count 1 and there is no contention that the court erred in imposing the condition with respect to Count 1. Thus, regardless of the error with respect to Count 2, any samples collected would have been authorized by the condition on Count 1.

Defendant also assigns error to the court's imposition of the condition requiring her to submit to polygraph examinations at the direction of her supervising officer. That contention is not preserved and defendant has not demonstrated that any error is plain, so defendant's arguments provide no basis for reversing on account of that condition.

Portion of judgment imposing probation condition requiring blood or buccal sample on Count 2 reversed; remanded for resentencing; otherwise affirmed.